**NEW YORK, N. H. & H. R. CO. v. ERIE R. CO.**

**The No. 133.**

**No. 241, Docket 22325.**

United States Court of Appeals, Second Circuit.

Argued May 8, 1952.

Decided June 2, 1952.

Edward R. Brumley, New York City, for appellee, R. M. Peet, New York City, of counsel.

Hagen, Senecal & Eidenbach, New York City, for appellant, Charles W. Hagen and Nelson J. Johnson, New York City, of counsel.

Before SWAN, CHASE and CLARK, Circuit Judges.

PER CURIAM.

The No. 133 was in good condition when she was moored outside the string of five barges in the slip and when the Waverly's captain ran that tug's engines at half speed to clear out the ice he knew there was danger from hard ice between the barges. He could, and should, have seen that the barges were being rocked together by the agitation of the water he caused and, indeed, as his tug left the slip after its engines had been worked for three quarters of an hour the No. 133 was seen by a deck hand to be so low in the water that she was in trouble. Her master was in the pilot house where he could have seen it had he looked and it is probable, as the judge believed, that the change in the log entry was subsequently made "to conceal the Waverly's knowledge of the damage she had wrought." At any rate the altered log was justifiably discredited in so far as it may have indicated that she left before the barge was damaged.

There was ample support for the finding that the careening of the No. 133 and the dumping of her cargo shortly after the Waverly left was caused by water

which had entered through a large hole that had been punched below the water line by a piece of hard ice between her and the barge to which she was tied, and against which she was rocked by the water disturbed by the tug's propeller. Such a result was to be foreseen by the tug's captain when the barges were thus made to wallow in the waves and his failure to do anything to protect the No. 133 from the danger was not the exercise of due care. The Southern Cross, D.C., 21 F.2d 75; affirmed 2 Cir., 21 F.2d 76.

■ This negligence was correctly held to have been the sole proximate cause of the damage. Had the captain of the No. 133 been aboard the barge, what he could have done, if anything, to protect his boat by putting out fenders, for instance, is left to surmise and, moreover, he had no reason to believe when he left that a tug would come in and negligently clean out the ice. A wrongdoer may not rid himself of responsibility for injury his own fault was enough to cause merely by suggesting a possibility that the fault of someone else might have intervened. The City of New York, 147 U.S. 72, 13 S.Ct. 211, 37 L.Ed. 84.

Decree affirmed.